

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526

cstieber@seyfarth.com

T (212) 218-3382

www.seyfarth.com

June 16, 2026

**VIA ECF**
Hon. John G. Koeltl
United States District Judge
United States District Court - Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      **Re:**    ***Ferdinandi v. SitusAMC Holdings Corp.*,**
              <u>**Case No. 1:24-cv-07805-JGK**</u>

Dear Judge Koeltl:

      We represent Defendant SitusAMC Holdings Corporation (incorrectly pled as "SitusAMC Holdings Corporation, D/B/A Hanover Street Capital LLC") ("Defendant") in the above-referenced action. Pursuant to Section VII of Your Honor's Individual Practices, Defendant submits this letter brief to seek leave of Court to file three exhibits to a Declaration in Support of its Motion for Summary Judgment, under seal. The general presumption in favor of public access to judicial documents is overcome here by the strong competing consideration of protecting confidential and proprietary business information and employees' personal privacy. The information Defendant seeks to redact is unquestionably confidential and private, and courts frequently protect similar information from disclosure through redaction or sealing.

<u>**RELEVANT BACKGROUND**</u>

      On April 1, 2025, the Court granted the parties' Protective Order (although noted that the Court reserves the right to amend the Protective Order at any time). (*See* ECF #24). As set forth therein, the parties agreed that "Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidentiality if counsel determines, in good faith, that such designation is necessary to protect the interests of the client." (*Id.* at p. 1). The parties' Protective Order also states that "[a]ll information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any confidential information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) until further order of the Court." (*Id.* at p. 2).

      On June 15, 2026, Defendant informed Plaintiff of its intent to file a Motion to Seal including what information it seeks to protect from public disclosure and view. In response, Plaintiff stated he does not object to filing the three documents at issue under seal.



In accordance with the parties' Protective Order and Section 6 of Your Honor's Individual Practices, Defendant seeks permission to file under seal the three exhibits to the Declaration of Seema Nathani (the "Declaration"), who is currently employed by Defendant as the Director, Global Human Resources – HR Business Partner. Annexed to the Declaration are three exhibits: (i) Plaintiff's severance agreement, setting forth the amount offered to him; (ii) an offer letter issued by Defendant to Sunil Madan, a non-party former employee who was hired to replace Plaintiff as the Chief Operating Officer, which letter contains his relevant compensation information; and (iii) a chart comparing the severance amount offered to Plaintiff and the only similarly-situated individual whose employment was terminated as part of the same reduction-in-force as Plaintiff.

## LEGAL STANDARD

While access to judicial documents is generally presumed, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "It is beyond question that a court may issue orders prohibiting disclosure of documents or information." *F.D.I.C. v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1982). Documents may be sealed if specific findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. *Pyramid Co. of Onondaga*, 435 F.3d at 120 (internal quotations and alternations omitted).

In determining whether the presumption may be overcome, the Court must first determine the weight of the presumption. "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication  to matters which come within a court's purview solely to ensure their irrelevance." *Pyramid Co. of Onondaga*, 435 F.3d at 119.

Next, a Court must "balance competing considerations against" the presumption of access to documents. *Pyramid Co. of Onondaga*, 435 F.3d at 119-20. These competing considerations include "the privacy interests of those resisting disclosure." *Id.* at 120.  In determining the weight to attach to privacy concerns, the Court should "first consider the degree to which the subject matter is traditionally considered private rather than public,"  and also weigh the "nature and degree of injury" from disclosure of the information. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

As set forth below, the presumption is overcome Defendant respectfully requests the Court grant its Motion to Seal.

## ARGUMENT

**I.    INDIVIDUAL EMPLOYEES' PERSONAL INFORMATION SHOULD NOT BE SUBJECT TO PUBLIC DISCLOSURE.**

Plaintiff's confidential severance agreement, a non-party's offer letter and compensation details, and a chart displaying Plaintiff's severance offer and that of a non-party should not be subject to public view or disclosure.



Courts routinely grant motions to seal individuals' compensation information, personal financial information, and home addresses. *See McCracken v. Verisma Sys., Inc.*, No. 6:14-cv-06248, 2017 WL 4250054, at \*4 (W.D.N.Y. Sept. 26, 2017) (granting motion to seal nonparties' compensation information); *KeyBank Nat'l Ass'n v. Element Transp. LLC*, No. 16 Civ. 8958, 2017 WL 384875, at \*3 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal nonparties' financial information including credit scores, guarantors' names); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015) (granting motion to seal sensitive and confidential information of current and former employees of the parties, including their compensation, biographical information, home addresses, and telephone numbers); *Broadhurst Invs., LP v. Bank of N.Y. Mellon*, No. 09 Civ. 1154, 2010 WL 3154840, at \*6 (S.D.N.Y. Aug. 2, 2010) (granting motion to seal financial information of non-parties); *D'Amour v. Ohrenstein & Brown, LLP*, 851 N.Y.S.2d 68, 2007 WL 4126386, at \*21 (N.Y. Sup. Ct. Aug. 13, 2007) (tax returns containing schedules of individual partners who were not parties to the litigation properly sealed); *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18 Civ. 2392, 2020 WL 3170566, at \*2 n.5 (S.D.N.Y. June 15, 2020) (approving request to redact employee salary information) (citations omitted).

In light of this well-established authority, the materials at issue fall squarely within the category of sensitive, nonpublic information that courts routinely protect from disclosure. Public access to these documents would serve little, if any, legitimate purpose, while inflicting unnecessary harm on both Plaintiff and the non-party whose confidential compensation information is implicated. Accordingly, the balance of interests strongly favors sealing, and the Court should grant Plaintiff's request to protect these materials from public disclosure.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court grant its Motion to Seal. Defendant thanks the Court for its consideration of this request.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Courtney S. Stieber*
Courtney S. Stieber, Esq.

cc:     Counsel of Record (via CM/ECF)